# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALEJANDRA ABIGAIL MENDOZA
PALACIOS,

    *Petitioner*,

v.

MARKWAYNE MULLIN, *et al.*,[1]

    *Respondents.*

Case No. 26-cv-648-ABA

## MEMORANDUM OPINION

Petitioner Alejandra Abigail Mendoza Palacios is a citizen of El Salvador who illegally entered the United States in 2016. An immigration judge ("IJ") granted her withholding of removal pursuant to the Convention Against Torture ("CAT") based on a finding that she was likely to be tortured if she were to return to El Salvador. Petitioner is presently in immigration detention and has been since February 14, 2026. The government now proposes to remove her to Mexico. Petitioner has sought relief under the withholding of removal statute and the Convention Against Torture with respect to Mexico. The government has provided Ms. Mendoza Palacios with a "third country screening" in which an asylum officer determined that she "did not establish that it is more likely than not that [she] will be persecuted or tortured in Mexico." ECF No. 21-1.

In this Court, Petitioner does not seek review of that fear determination. She also does not challenge the underlying order of removal. Instead, pursuant to the habeas

---

[1] Upon the departure of a public officer sued in their official capacity, "[t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). On March 24, 2026, Markwayne Mullin was sworn in as the Secretary of the Department of Homeland Security and, therefore, automatically substitutes former Secretary Kristi Noem.

corpus petition filed in this Court, Petitioner has moved for a preliminary injunction to stay her removal pending review by an immigration judge of the asylum officer's negative fear determination. She contends that because she cannot be lawfully removed without IJ review, and because Respondents (the Secretary of Homeland Security, the Acting Directors of U.S. Immigration and Customs Enforcement and the Baltimore ERO-ICE Field Office, and the Attorney General, all in their official capacities) are refusing to provide that review but are continuing to hold her in detention in the meantime, her detention is effectively indefinite and thus pursuant to this Court's habeas jurisdiction she is entitled to an order requiring that either (a) her file be forwarded to an IJ for review or (b) she be released from custody.

Because the Constitution prohibits "indefinite detention," when the government wishes to remove a noncitizen to another country, the applicable detention statute, 8 U.S.C. § 1231(a)(6), only authorizes detention after a 90-day removal period if removal is "reasonably foreseeable." *Zadvydas v. Davis*, 533 U.S. 678, 689, 699 (2001). Ms. Mendoza Palacios argues that, because she is entitled to IJ review of her claim of fear of removal to Mexico—and because the government has refused to provide her this process—the government has not shown that a *lawful* removal is reasonably foreseeable.

For the reasons set forth below, the Court concludes that Ms. Mendoza Palacios has shown a strong likelihood of success on her claim that due process prohibits Respondents from removing her to Mexico without an immigration judge reviewing her claim of fear of persecution or torture and that without such review her continued detention is unconstitutional.

## I.    BACKGROUND

Petitioner is a native and citizen of El Salvador and has no claim to citizenship or legal residency in any country other than El Salvador. ECF No. 1 ¶ 35; ECF No. 18-1 at 6. On or about October 12, 2016, Ms. Mendoza Palacios was apprehended near the Texas-Mexico border by U.S. Customs and Border Patrol after she illegally entered the United States. ECF No. 18-1 at 6; ECF No. 18-3. She was placed in removal proceedings, and she submitted applications for asylum, statutory withholding of removal (for fear of persecution), and withholding of removal under CAT (for fear of torture). ECF No. 1 ¶¶ 36–37; ECF No. 18-1 at 6–7.

On August 2, 2019, an immigration judge entered an order of removal, ECF No. 18-4, but also granted Ms. Mendoza Palacios withholding of removal as to El Salvador pursuant to CAT because she had established that it was more likely than not that she would be tortured if she were to return. ECF No. 1 ¶ 37; ECF No. 18-1 at 6–7. Because El Salvador was the only country the government identified as a removal destination at the time and the IJ had granted withholding with respect to El Salvador, Ms. Mendoza Palacios was released under an Order of Supervision. ECF No. 1 ¶ 38. Since entering the country, she has not been convicted of any crimes, and there are no allegations that she violated any terms of the order of supervision. *Id.* ¶¶ 38, 42. On February 14, 2026, she was detained by U.S. Immigration and Customs Enforcement ("ICE") without prior notice or explanation. *Id.* ¶ 43; ECF No. 18-1 at 7. On February 15, 2026, she was served with a Warrant of Removal/Deportation, ECF No. 18-5, a Notice of Revocation of Release, ECF No. 18-6, and a Notice of Removal, ECF No. 18-7. The Notice of Revocation of Release and the Notice of Removal stated ICE's intent to remove her to

Mexico. ECF Nos. 18-6, 18-7. The same day, an ICE officer conducted an informal interview "to afford [her] an opportunity to respond to the revocation of . . . her order of supervision" in which she stated that "she doesn't have any family member in Mexico." ECF No. 18-8.

On February 17, 2026, Ms. Mendoza Palacios filed a petition for a writ of habeas corpus seeking release from ICE custody as well as an injunction prohibiting her removal "to any other country without first providing her notice and offering [her] adequate opportunity to apply for withholding of removal as to that country, including an Immigration Judge review of any denied third-country fear interview." ECF No. 1 at 19. She alleges that her continued detention by ICE violates 8 U.S.C. § 1231(a) as interpreted by the Supreme Court in *Zadvydas* (count 1) and due process (counts 2 and 5). *Id.* at 14–15, 18. She further alleges that her re-detention violates 28 U.S.C. § 2241 (count 3) as well as various regulations and the *Accardi* doctrine (count 4). *Id.* at 16–18. On the same day, she, through counsel, asserted her fear of removal to Mexico or any third country, requested referral to the asylum office of United States Citizenship and Immigration Services ("USCIS") for a reasonable fear interview, and attached a declaration by her regarding her fear. ECF No. 12-2 at 1–3. On February 24, 2026, Petitioner's counsel followed up after no response had been received, and the asylum office at USCIS confirmed that it had not received any referral from ICE for a credible/reasonable fear interview. ECF No. 12-3 at 1–2.

On February 18, 2026, the Court ordered the parties to confer and file a joint status report regarding a briefing schedule on the Petition. ECF No. 6. On February 20, 2026, the parties filed a joint status report in which Ms. Mendoza Palacios requested an

order precluding her removal from the United States pending this litigation. ECF No. 8 at 1. Respondents stated that they "do not consent to the extension of any order precluding removal but leave that to the Judgment of the Court." *Id*. On February 23, 2026, the Court granted the parties' proposed briefing schedule and stated that it would not grant Ms. Mendoza Palacios's request for an order precluding her removal at that time without a motion for a temporary restraining order or preliminary injunction articulating why the factors governing such motions have been satisfied. ECF No. 10.

On February 25, 2026, Ms. Mendoza Palacios filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction to prevent her removal from the continental United States while the preliminary injunction motion was being briefed and decided. ECF No. 11. On March 10, 2026, the Court granted a temporary restraining order, effective through Friday, April 3, 2026, enjoining the government from removing Ms. Mendoza Palacios from the United States and reserving on the motion for a preliminary injunction pending briefing, ECF No. 17, which the Court has since extended to Tuesday, April 7, ECF No. 22.

On March 13, 2026, Respondents filed a response to the Petition and a motion to dismiss. ECF No. 18. In their motion to dismiss, Respondents argue that Ms. Mendoza Palacios is lawfully detained under 8 U.S.C. § 1231(a)(6), her due process/*Zadvydas* claim is premature given the length of her detention, ICE's revocation of her release comports with regulations, her challenge to the third-country screening procedure is not a valid basis for habeas relief, and the Attorney General is not a proper Respondent as the AG does not have "custody over" Ms. Mendoza Palacios. *Id*.

5

Respondents did not file a brief in opposition to the motion for a preliminary injunction and did not directly mention the preliminary injunction motion in its response to the petition. *See id.*

On March 24, 2026, Ms. Mendoza Palacios filed a reply brief in which she, pursuant to the Court's March 10 Order, provided an update on her third-country screening. ECF No. 19. She indicated that on March 10, 2026, after the Court issued the temporary restraining order, she was given a third-country screening interview via telephone. *Id.* at 4. During the interview, Ms. Mendoza Palacios allegedly described an incident in or around October 2012 in Mexico where "gang members acting in concert with a uniformed police officer" kidnapped her and held her for approximately two weeks until she escaped, "during which she was physically abused—including having her hair pulled, being struck, and having a knife held to her neck—and was threatened with death." *Id.* at 4–5. She alleges that she told the asylum officer that she was targeted because she is Salvadoran and had previously reported gang activity to the police in El Salvador. *Id.* at 4. She contended that "USCIS has indicated that a determination has been made" from that screening but that, "despite repeated requests from counsel, neither Attorney Moss nor any other counsel for Ms. Mendoza Palacios has received the results of that determination as of [March 24, 2026]." *Id.* at 5.

On March 31, 2026, the Court ordered Respondents to provide a status update on the determination from Ms. Mendoza Palacios's fear screening. ECF No. 20. On April 1, 2026, Respondents confirmed that Ms. Mendoza Palacios was given a "third country fear screening" on March 10, and the asylum officer determined that she "did

not establish that it is more likely than not that [she] will be persecuted or tortured in Mexico." ECF Nos. 21, 21-1.

## II.    STANDARD OF REVIEW

A preliminary injunction is a form of equitable relief intended to prevent irreparable harm while a lawsuit remains pending. *League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). To obtain a preliminary injunction, Petitioner must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tip in her favor; and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *League of Women Voters*, 769 F.3d at 236; *Am. Fed'n of Tchrs. v. Bessent*, 152 F.4th 162, 168–69 (4th Cir. 2025). The third and fourth factors merge when the government is the opposing party. *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III.   DISCUSSION

Ms. Mendoza Palacios argues that her removal to Mexico without an IJ reviewing her claim of fear of removal to that country violates her procedural due process rights under the Fifth Amendment. ECF No. 12 at 3–4. She argues that, although "[t]hird-country removal is permitted under 8 U.S.C. § 1231(b)(2), [] like all removal, it is subject to the requirements of procedural due process." *Id.* at 4. "[B]ecause withholding of removal is country-specific," she argues, "if a noncitizen who has been granted withholding as to one country faces removal to an alternative country, then she must be given notice and an opportunity to request withholding of removal to *that* particular country.'" *Id.* (quoting *Guzman Chavez v. Hott*, 940 F.3d 867, 879 (4th

Cir. 2019), *rev'd on other grounds*, *Johnson v. Guzman Chavez,* 594 U.S. 523 (2021)) (emphasis in original). Ms. Mendoza Palacios contends that, had the government named Mexico as well as El Salvador during her initial removal proceedings, she would have been entitled to have her claim of fear of removal to Mexico adjudicated by an IJ during her immigration proceedings in 2019. *Id*. Therefore, she contends that, although the government may propose a third country after original immigration proceedings conclude, "due process requires that Petitioner be afforded the same process now that she would have been afforded then." *Id*. at 4–5. Without this procedure, Ms. Mendoza Palacios contends that the government has not shown that her removal is in the reasonably foreseeable future as required by *Zadvydas*. ECF No. 1 ¶¶ 50–51.

As noted above, Respondents did not file a brief in opposition to the motion for a preliminary injunction. Upon Ms. Mendoza Palacios's first request for an order precluding her removal, Respondents did not consent to such an order but stated that it left the determination to the Court. ECF No. 8 at 1. In the response to the petition, Respondents briefly state that "Petitioner's claim that she is entitled to review of a negative third country fear screening by an Immigration Judge was the subject of a Motion for Preliminary Injunction which was denied by this Court in *Bojorquez v. Baker*, Case No. 25-cv-3107-DLB, and is the subject of an interlocutory appeal to the Fourth Circuit, which is being briefed and remains pending" and "[a]s such, the resolution of that issue by this Court should be deferred until the Fourth Circuit issues a ruling in that case." ECF No. 18-1 at 15 (citing Appeal No. 25-6996 (4th Cir. Nov. 25, 2025)). Other than this statement, Respondents provide no arguments on the merits of the preliminary injunction motion.

8

**A.    Respondents' arguments for deferring decision on the preliminary injunction motion**

In its motion to dismiss, Respondents argue that Ms. Mendoza Palacios's challenge of the third-country screening procedure is not a valid basis for habeas relief and therefore either should not be considered or should be deferred. ECF No. 18-1 at 13–15. First, they argue that a similar challenge to third-country removal procedures is being litigated in a case in the District of Massachusetts in which a class was certified (pursuant to Rule 23(b)(2), and thus on a non-opt-out basis) but in which relief has been stayed and is pending appeal in the First Circuit. *Id*. at 14 (citing *D.V.D. v. U.S. Dep't of Homeland Sec.*, -- F. Supp. 3d --, 2026 WL 521557 (D. Mass. Feb. 25, 2026), *appeal docketed*, No. 26-1212 (1st Cir. Feb. 28. 2026)). Second, Respondents point to *Bojorquez*, in which another judge in this District denied a preliminary injunction based on a similar argument, and which is currently on interlocutory appeal before the Fourth Circuit. Therefore, Respondents argue, "resolution of that issue by this Court should be deferred until the Fourth Circuit issues a ruling in that case." *Id*. at 15 (citing *Bojorquez v. Baker*, Case No. 25-cv-3107-DLB, *appeal docketed*, No. 25-6996 (4th Cir. Nov. 25, 2025)).

Ms. Mendoza Palacios argues that neither *D.V.D.* nor *Bojorquez* would support deferring or denying relief to her or prompt consideration of her claims. ECF No. 19 at 9–12 & n.4. She further argues that her petition challenges her continued *detention* while the government attempts to effectuate a third-country removal, which is not addressed by the *D.V.D.* litigation. *Id*. at 9–10. She points out that the *D.V.D.* case "does not address, for example, whether or when a person may be detained while the government attempts to effectuate a third-country removal." *Id*. at 10 (quoting *Cruz*

9

*Medina v. Noem*, 794 F. Supp. 3d 365, 383 (D. Md. 2025)). She also points to courts "across the country that have held that *D.V.D.* does not preclude individual habeas relief where dismissal could effectively deprive the petitioner of any meaningful relief if removal occurs first, the stayed class judgment is not presently operative, and the basis for the stay orders is not clear." *Id*. at 11 (citing *Santamaria Orellana v. Baker*, Case No. 25-cv-1788-TDC, 2025 WL 2841886, at *11 (D. Md. Oct. 7, 2025); *Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1008 (S.D. Tex. 2025) (hereinafter, *Sagastizado II*)). Finally, she argues that "the pendency of an interlocutory appeal in [*Bojorquez*] does not strip this Court of jurisdiction to decide an individual habeas petition" as, "[i]n the meantime, Petitioner's liberty interest demands protection." *Id*. at 11 n.4.

The pendency of the *D.V.D.* and *Bojorquez* cases does not support denying relief or deferring review of the merits of Ms. Mendoza Palacios's habeas petition and motion for a preliminary injunction. First, *D.V.D.* does not address a challenge to continued detention during a third-country review and therefore does not affect Ms. Mendoza Palacios's challenge of her continued detention pending any procedure for third-country removal. Further, the stayed judgment in *D.V.D.* does not provide a basis to preclude Ms. Mendoza Palacios's individual habeas relief especially in light of her own entitlement to CAT protections as to El Salvador and her assertion that she is entitled to mandatory protections as to Mexico as well. Finally, the pendency of the *Bojorquez* appeal has no bearing on this Court's authority and responsibility to consider Ms. Mendoza Palacios's motion for a preliminary injunction. As the undersigned judge has previously held, noncitizens' claims that they have been denied proper removal procedures, whether on a statutory or constitutional basis, intersects with the

indefiniteness of their detention, which district courts clearly have jurisdiction to adjudicate. *See Cruz Medina v. Noem*, Case No. 25-cv-1768-ABA, 2025 WL 3157608, at *1 (D. Md. Nov. 12, 2025); *Nolasco Renderos v. Baker*, -- F. Supp. 3d --, 2026 WL 40061, at *7 (D. Md. Jan. 7, 2026). If the government is unable to *lawfully* remove a noncitizen without providing for particular procedural safeguards, then its refusal to provide those procedures can result in indefinite detention; therefore, this Court has jurisdiction to determine whether Ms. Mendoza Palacios is being given the proper procedures in order to evaluate whether her removal is in the reasonably foreseeable future.

Therefore, the Court need not and will not defer consideration of Ms. Mendoza Palacios's challenge to her detention pending any third-country removal and her due process challenge to her removal to Mexico. Permitting removal without adjudicating her claim of entitlement to IJ review would effectively constitute ruling for Respondents on the merits, because her claim could become largely or entirely moot in the meantime.

### B.      Likelihood of Success on the Merits

"The procedural component of due process 'imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause.'" *D.B. v. Cardall*, 826 F.3d 721, 741 (4th Cir. 2016) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)); *see* U.S. Const. amend. V. "And when the government deprives a person of a protected liberty or property interest, it is obliged to provide 'notice and opportunity for hearing appropriate to the nature of the case.'" *D.B.,* 826 F.3d at 741–42. (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S.

306, 313 (1950)). The question of what form of "notice and opportunity for hearing" is "appropriate" and thus constitutionally required in a given context requires considering three factors: "(1) the nature of the private interest that will be affected, (2) the comparative risk of an erroneous deprivation of that interest with and without additional or substitute procedural safeguards, and (3) the nature and magnitude of any countervailing interest in not providing additional or substitute procedural requirements." *Id.* at 742 (citing *Turner v. Rogers*, 564 U.S. 431, 444–45 (2011)). "The three-factor *Mathews* framework is 'flexible' and highly 'fact-specific.'" *Id.* at 743 (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 319 (2d Cir. 2002)). "The mere availability and utilization of some procedures does not mean they [a]re constitutionally sufficient. That is, the Fifth Amendment guarantees 'due process of law,' not just 'some process of law.'" *Id.* (citing *Davidson v. City of New Orleans*, 96 U.S. 97, 107 (1877) (Bradley, J., concurring)).

"'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). In interpreting the withholding provision in 8 U.S.C. § 1231, the Supreme Court held that, given that a "withholding of removal is country-specific, . . . if a noncitizen who has been granted withholding as to one country faces removal to an alternative country, then she must be given notice and an opportunity to request withholding of removal to *that* particular country." *Guzman Chavez*, 940 F.3d at 879 (citing *Kossov v. I.N.S.*, 132 F.3d 405, 409 (7th Cir. 1998)) (emphasis in original). In other words, "[n]oncitizens have a right to meaningful notice and opportunity to be heard before being deported to a third country." *Sagastizado*

*Sanchez v. Noem*, Case No. 5:25-cv-104, 2025 WL 2957003, at *2 (S.D. Tex. Sept. 10, 2025) (hereinafter, *Sagastizado I*) (citing *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1004 (W.D. Wash. 2019), *J.G.G.*, 604 U.S. at 673, and *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 387 (D. Mass. 2025)).

Here, Respondents do not dispute that noncitizens are entitled to due process in the context of removal proceedings. *See J.G.G.*, 604 U.S. at 673. It is also undisputed that Ms. Mendoza Palacios has received some process, specifically a third-country screening, in which an asylum officer concluded that she "did not establish that it is more likely than not that [she] will be persecuted or tortured in Mexico." ECF No. 21-1. The question is whether due process entitles her to review of that negative fear determination—*i.e.* review of her claim that she will face persecution or torture in Mexico—by an immigration judge. ECF No. 12 at 4–6. Respondents do not dispute that she would have been entitled to IJ review of that claim if the government had proposed to remove her to Mexico in 2019, at the time of her original removal proceedings. An immigration judge has never reviewed her claim of protection from removal *to Mexico*. For the reasons stated below, she has shown a substantial likelihood of success on her claim that the Due Process Clause entitles her to a determination by an immigration judge of whether she is more likely than not to be persecuted or tortured if removed to Mexico, as she would have been entitled to had the government named Mexico as a potential country of removal during her initial proceedings.

### 1.   Nature of the interest protected

Under 8 U.S.C. § 1231(b)(2), if the government is unable to remove a removable noncitizen to that person's country of citizenship, it may designate another country to

which to remove the noncitizen, within certain criteria. *See* 8 U.S.C. § 1231(b)(2)(E). But "[i]f [noncitizens] would face persecution or other mistreatment in the country designated under § 1231(b)(2)," Congress has established a right to various remedies, including withholding of removal under § 1231(b)(3)(A), to "ensur[e] their humane treatment." *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 348 (2005).

Here, Ms. Mendoza Palacios has established that she has an interest in not being removed to a country where she would likely face persecution or torture. The question for purposes of this prong of the procedural due process analysis is not whether she has shown that she *is* likely to face persecution or torture in Mexico, but rather whether the nature of her interest in avoiding persecution or torture entitles her to some form of procedural due process. That is precisely the type of interest that courts consistently have held is significant enough to justify procedural protections to ensure that individuals who are actually entitled to withholding of removal under § 1231(b)(3)(A) or the Convention Against Torture receive such protection. *See, e.g.*, *J.G.G.*, 604 U.S. at 673; *Kossov*, 132 F.3d at 409; *Sagastizado II*, 802 F. Supp. 3d at 1012; *D.V.D.*, 778 F. Supp. 3d at 388.

Further, even in the context of expedited removal orders, Congress required IJ review of a negative credible fear determination. 8 U.S.C. § 1225(b)(1)(B)(iii)(III). Although Ms. Mendoza Palacios is not subject to an expedited removal order, the fact that the one time Congress has addressed the question it required IJ review of a negative fear determination is indicative of the importance of these procedural safeguards.

### 2.    Risk of erroneous deprivation

The second *Mathews* factor requires comparing the "risk of an erroneous deprivation of [a petitioner's] interest with and without additional or substitute procedural safeguards." *D.B.*, 826 F.3d at 742. In applying *Mathews*, "the Supreme Court has indicated that the risk of an erroneous deprivation is too high where an individual is not provided 'notice of the factual basis' for a material government finding and 'a fair opportunity to rebut the Government's factual assertions before a neutral decisionmaker.'" *Kirk v. Comm'r of SSA*, 987 F.3d 314, 325 (4th Cir. 2021) (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004)). "The Fifth Amendment requires that ICE provide a meaningful opportunity for petitioner's claim of fear to be heard. The guarantee of due process includes the right to a full and fair hearing, an impartial decisionmaker, and evaluation of the merits of his or her particular claim." *Aden*, 409 F. Supp. 3d. at 1010 (citing *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001)).

Ms. Mendoza Palacios does not contend that she was deprived of notice of the government's intent to remove her to Mexico—or, at least as of the government's April 1, 2026 status report, a decision by a neutral decisionmaker (although she does contend that the interview by the asylum officer was deficient). Rather, the question for this prong of the procedural due process analysis is whether a decision by a single asylum officer in a "third country screening," rather than the opportunity for review by an immigration judge, is sufficient to adequately minimize the risk of an erroneous rejection of a fear of persecution or torture claim.

The Court need look no further than the expedited removal statute and DHS regulations to conclude that, where a person alleges that she would be persecuted or

tortured if removed to a particular country, a single review by an asylum officer creates an unacceptably high risk of erroneous deprivation. When noncitizens apply for statutory withholding of removal or CAT withholding, as Ms. Mendoza Palacios did after her first detention, not only are they entitled to a determination by the asylum officer of their eligibility, but, regardless of the asylum officer's determination, "the asylum officer shall proceed with referring the application to the immigration judge for a hearing." 8 C.F.R. § 208.16(a). In the one context in which Congress addressed immigration judge review, it has explicitly required IJ review when requested by the noncitizen where the asylum officer has made a negative fear determination. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109–10 (2020) (explaining that even for expedited removal, a noncitizen who "indicates either an intention to apply for asylum or a fear of persecution" may "appeal to an immigration judge, who can take further evidence and shall make a de novo determination") (citing 8 U.S.C. § 1225(b)(1)(A)(i)–(ii), 8 C.F.R. §§ 1003.42(c), (d)[2], 8 U.S.C. § 1225(b)(1)(B)(iii)(III)). DHS regulations also address various other scenarios where individuals may seek protection from removal based on a fear of how they will be treated in the country of removal, and, in every scenario addressed by those regulations, they entitle noncitizens to review by an immigration judge of negative fear determinations. *See* 8 C.F.R. § 1208.30(e), (g) (requiring IJ review of credible fear determinations including for applicants for admission who are found inadmissible); 8 C.F.R. § 1208.31(g) (requiring IJ review of reasonable fear determinations for noncitizens subject to a reinstated

---

[2] The Supreme Court in *Thuraissigiam* cited to 8 C.F.R. § 1003.42(d)(1), which has since been renumbered as 8 C.F.R. § 1003.42(d); however, the substance of that provision remains the same.

removal order or who have been convicted of an aggravated felony). The undersigned judge and others have held that this applies in the context of third-country removals after the close of the removal proceedings as well. *See Sagastizado II*, 802 F. Supp. 3d at 1011–13; *Nolasco Renderos*, 2026 WL 40061, at \*3–5. In short, "there are no regulations that provide for a circumstance under which USCIS is given the authority to conduct fear-screening interviews without providing for independent review of that screening by an IJ." *Sagastizado II*, 802 F. Supp. 3d at 1010.

The government articulates no reason why there is any lesser risk of erroneous deprivation in the case of a third-country removal proposed six years after Petitioner's original removal proceedings than where both Congress and DHS contemplated the potential risk during original proceedings. While there remains a risk of erroneous deprivation following review by an immigration judge, this Court agrees with Congress's and DHS's own longstanding determination that similar circumstances call for providing IJ review to lessen the risk of erroneous deprivation of relief under the withholding statute or the Convention Against Torture.

### 3.      Countervailing interests

In evaluating the third *Mathews* factor, the Court must balance the Petitioner's interest and the risk of erroneous deprivation with "the administrative burden and other societal costs that would be associated with requiring, as a matter of constitutional right," review by an immigration judge of the asylum officer's negative fear finding. *Mathews*, 424 U.S. at 347. "At some point the benefit of an additional safeguard to the individual affected by the administrative action and to society in terms of increased assurance that the action is just, may be outweighed by the cost." *Id.* at 348.

As Ms. Mendoza Palacios argues and this Court agrees, "Respondents cannot complain of excessive burden in extending to Petitioner a procedure that already exists in so many other contexts, and that generally must take place within a mere ten days." ECF No. 12 at 7 (citing 8 C.F.R. § 1208.31(g)). The government has filed no response to the motion for a preliminary injunction and has not otherwise articulated why the administrative burden of IJ review in the third-country removal context is any greater than IJ review in the original removal context. Not only is immigration judge review required for claims of fear of persecution or torture in other contexts—including reinstated removal orders and for persons convicted of aggravated felonies—it also is the procedure that was provided to Ms. Mendoza Palacios during her initial removal proceedings when the government attempted to remove her to El Salvador and an IJ found that she was eligible for withholding of removal under CAT. Under CAT, the government cannot remove persons to countries where they are more likely than not to be tortured. *See* 8 C.F.R. § 208.16(c); Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105–277, § 2242(a), 112 Stat. 2681, codified as note to 8 U.S.C. § 1231. The government has not shown how providing Ms. Mendoza Palacios with the same procedure she was previous provided as to El Salvador creates an undue administrative burden for its desire to remove her to Mexico.

Furthermore, while some protections from removal are discretionary, others are mandatory, including withholding of removal and CAT protection. *Sagastizado II*, 802 F. Supp. 3d at 1002–03. Although 8 U.S.C. § 1231(a)(5) generally forecloses certain forms of discretionary relief from noncitizens subject to reinstated removal orders that are available to other noncitizens, courts have consistently found that the mandatory

18

withholding of removal procedural protections still apply noncitizens subject to reinstated removal orders. *See Johnson*, 594 U.S. at 530, 543 (holding that noncitizens subject to reinstated removal orders are subject to 8 U.S.C. § 1231, which incorporates the statutory withholding provision, serving as "strong evidence that withholding-only proceedings are relevant to where a[ noncitizen] will be removed"); *Sagastizado II*, 802 F. Supp. 3d at 1011–13. Respondents have not shown how Ms. Mendoza Palacios would be entitled to *fewer* protections than those provided in the case of reinstated removal orders. *See* 8 C.F.R. § 1208.31.

Accordingly, Ms. Mendoza Palacios has shown a strong likelihood of success on the merits of her claim that until and unless an immigration judge concurs with the asylum officer's determination that she lacks a reasonable fear of persecution or torture in Mexico, due process precludes her removal to Mexico.

### C.      Likelihood of irreparable harm

Ms. Mendoza Palacios argues that she is likely to suffer irreparable harm in the absence of preliminary relief due to the risk of torture and persecution if she were removed to Mexico, especially in light of the government's own questioning of its ability to return deported citizens. ECF No. 12 at 8 (citing *Abrego Garcia v. Noem*, Case No. 25-1345, 2025 WL 1021113 (4th Cir. Apr. 7, 2025); *D.A. v. Noem*, 800 F. Supp. 3d. 43 (D.D.C. 2025)).

Ms. Mendoza Palacios has shown a significant likelihood of irreparable harm for the same reasons that the Court finds there to be a high risk of erroneous deprivation. *See* § III.B.3, *infra*. The threatened harm is clear: persecution, torture, or death. These

consequences are irreparable and are sufficiently dire to warrant preliminary injunctive relief.

### D.  Public interest and balance of equities

Ms. Mendoza Palacios argues that the final two *Winter* factors tilt in her favor "as the public has a significant stake in the Government's compliance with the law." ECF No. 12 at 8 (citing *League of Women Voters of the United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016)).

While the government clearly has a legitimate interest in removing individuals who have entered the United States illegally, a preliminary injunction will cause only a minimal delay to such an action against Ms. Mendoza Palacios until either affirmance of the negative determination by an IJ or the selection of a new country of removal by DHS and the completion of due process based on that new selection. The government's interest in removal is outweighed by the public interest in upholding constitutional protections and providing due process to noncitizens subjected to governmental actions restricting their liberty interest in not being removed to a country where they may be persecuted or tortured. Therefore, the balance of equities and public interest tip in favor of Ms. Mendoza Palacios.

### E.  Bond

Under Federal Rule Civil Procedure 65(c), "[t]he court may issue a preliminary injunction . . . only if the movant gives security." But, at times, waiver of a bond may be appropriate. *See Casa, Inc. v. Trump*, 793 F. Supp. 3d. 687, 702 (D. Md. 2025) (citing *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013)) (recognizing that district courts have discretion to waive the bond requirement after "expressly address[ing] the issue of

security"); *Coreas v. Bounds*, 457 F. Supp. 3d 460, 464 (D. Md. 2020) (waiving security requirement when the "financial impact to [the government] of an improperly imposed injunction [was] limited and would not create any significant hardship")).

Ms. Mendoza Palacios has requested a waiver of a bond as she is an indigent detained noncitizen. ECF No. 12 at 9. Given that courts generally waive a bond when constitutional rights are at issue and an improperly imposed injunction would not impose a substantial hardship on the government, *see Casa, Inc.*,793 F. Supp. 3d at 702; *Honeyfund.com, Inc. v. DeSantis*, 622 F. Supp. 3d 1159, 1186 (N.D. Fla. 2022) ("waiving the bond requirement is particularly appropriate where a plaintiff alleges the infringement of a fundamental constitutional right"), the Court will not impose a bond on the preliminary injunction here.

### F.    Petitioner's *Zadvydas* claim

Ordinarily, when an individual is issued a final order of removal, that person must be removed from the country within 90 days. 8 U.S.C. § 1231(a)(1)(A). Under § 1231(a)(6), the government is permitted to continue to detain individuals who are deemed "inadmissible" beyond the removal period, or it may release them under specified terms of supervision. *Id*. § 1231(a)(6); *see also id*. § 1182 (identifying categories of immigrants who are "inadmissible").

But a "statute permitting *indefinite* detention of an alien would raise a serious constitutional problem." *Zadvydas*, 533 U.S. at 690 (emphasis added). Thus, although § 1231(a)(6) does not contain an explicit limit on the length of detention in those circumstances, the *Zadvydas* Court held that, in light of constitutional due process protections with respect to deprivations of liberty, the statute must be read to

21

"contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id*. at 682. *Zadvydas* established that determining whether detention under particular circumstances is authorized requires deciding "whether the detention in question exceeds a period reasonably necessary to secure removal." *Id*. at 699. A habeas court "should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id*.

To help "guide lower court determinations" on whether removal is "reasonably foreseeable" and to "limit the occasions when courts will need to make them," the Supreme Court held that six months of post-removal-order detention is "presumptively reasonable." *Id*. at 700–01. But this presumption is not a conclusive bar. As the undersigned has previously reasoned, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." *Cruz Medina,* 794 F. Supp. 3d at 375 (*quoting Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025)). "During the six-month period, '[t]he presumption of reasonableness is the default,' and the government 'bears no burden to justify detention.' But if a petitioner 'claim[s] and *prove[s]* . . . that his removal is not reasonably foreseeable'— including during the six-month period—the petitioner 'can overcome that presumption' and detention is no longer authorized." *Id*. (*quoting Munoz-Saucedo*, 789 F. Supp. 3d at 397).

Here, the government alleges, and Petitioner does not appear to dispute, that Ms. Mendoza Palacios is "inadmissible" under 8 U.S.C. § 1182 because she is present in the United States without a valid visa, permit, or other suitable entry or travel

document. *See* ECF No. 18-1 at 9 (citing ECF No. 18-3); 8 U.S.C. § 1182(a)(7)(A)(i). Ms. Mendoza Palacios argues that, because she must be afforded due process protections of IJ review of her fear-based claim, her removal is not reasonably foreseeable until and unless Respondents have exhausted those procedures. ECF No. 1 ¶ 71.

In *Vasquez Castaneda v. Perry*, the Fourth Circuit held that the petitioner who was subject to a reinstated order of removal and was undergoing CAT withholding-only proceedings had not shown that his removal was not significantly likely to occur in the reasonably foreseeable future. 95 F.4th 750, 758 (4th Cir. 2024). In coming to that conclusion, the court stated that "the clear takeaway from *Demore* [*v. Kim*, 538 U.S. 510 (2003)] and *Jennings* [*v. Rodriguez*, 583 U.S. 281 (2018)] is that '*Zadvydas* should not be expanded beyond the context of the *indefinite and potentially permanent* detention involved there.'" *Id.* at 757 (*quoting Miranda v. Garland*, 34 F.4th 338, 361 (4th Cir. 2022)). Thus, the Fourth Circuit held that continued detention pending the completion of withholding-only proceedings that had been voluntarily initiated by the petitioner was not of the type of "indefinite and potentially permanent" detention at issue in *Zadvydas* because withholding-only proceedings have an ending point. *Id.* The court did note that, although the petitioner's withholding-only proceedings had gone on longer than most, there was no indication that the delay in the proceedings was attributable to anything other than "ordinary litigation processes." *Id.* at 758 & n.7. This suggests that if delays in the withholding-only proceedings are caused by something other than "ordinary litigation processes," then a different outcome may be warranted. *See Nolasco Renderos*, 2026 WL 40061, at *7.

In *Sagastizado II*, the Southern District of Texas first held that the only way the government could *lawfully* remove the petitioner to Mexico, the third country at issue in that case, was by providing him with the procedures provided for in 8 C.F.R. § 1208.31. 802 F. Supp. 3d at 1011–1013. After five weeks had passed after that court's initial order (nine and a half weeks after the petitioner had first expressed a fear of removal to Mexico) and the government had still not provided any indication of an intent to provide the petitioner with the process required to remove him to Mexico or any other third country, he was essentially being held indefinitely and, therefore, was entitled to a grant of his habeas petition and release from detention. *Sagastizado Sanchez v. Noem*, Case No. 5:25-cv-00104, 2025 WL 3760317, at*10–11 (S.D. Tex. Nov. 14, 2025) (hereinafter, "*Sagastizado III*") (citing *Escalante v. Noem*, Case No. 9:25-cv-00182, 2025 WL 2206113, at *4 (E.D. Tex. Aug. 2, 2025)) (holding that a six-week delay in providing the petitioner with his procedures pursuant to 8 C.F.R. § 208.31 created a long overdue delay such that there was not a *significant likelihood* of removal in the reasonably foreseeable future).

Here, Ms. Mendoza Palacios is entitled to IJ review of her negative fear determination, but the government has not yet initiated these procedures. When a person is seeking withholding of removal *and the procedures to which the person is entitled are ongoing*, the normal delay associated with those procedures cannot, at least standing alone, give rise to a *Zadvydas* claim. *See Vasquez Castaneda,* 95 F.4th at 758. But here, Respondents have refused to follow the procedures required as a matter of due process, and it is that refusal that is the source of delay in the adjudication of Petitioner's claim. This does not necessarily entitle Ms. Mendoza Palacios to immediate

release, but it does entitle her to an order that the government either (a) refer her case for immigration judge review, or (b) release her from detention.

### G.    Motion to Dismiss

In their motion to dismiss, Respondents argue that Ms. Mendoza Palacios is lawfully detained under 8 U.S.C. § 1231(a)(6), her due process/*Zadvydas* claim is premature given the length of her detention, ICE's revocation of her release comports with regulations, Ms. Mendoza Palacios's challenge to the third country screening procedure is not a valid basis for habeas relief, and that the Attorney General is not a proper Respondent as the AG does not have "custody over" Ms. Mendoza Palacios. ECF No. 18.

The Court has addressed above the 8 U.S.C. § 1231(a)(6) and due process/*Zadvydas* claims, and the argument that this Court lacks authority, in the context of a habeas petition, to require review by an immigration judge. *See* § III.F, *infra*. The only other argument that has any bearing on the arguments presented in the motion for a preliminary injunction is whether Ms. Mendoza Palacios's challenge to the third-country screening procedure is a valid basis for habeas relief, which the Court has also addressed. *See* § III.A, *infra*. The other arguments do not undermine the Court's conclusion about Ms. Mendoza Palacios's likelihood of success on the merits or her entitlement to a preliminary injunction. Further, the argument regarding the Attorney General as a Respondent does not affect this analysis as there are other named Respondents to whom the preliminary injunction applies. Therefore, the Court will not make a determination regarding Respondents' motion to dismiss at this time.

## IV.    CONCLUSION

For the aforementioned reasons, the Court finds that all four requirements for granting a preliminary injunction have been met. Accordingly, the motion for a preliminary injunction (ECF No. 11) will be granted. Respondents will be ordered to either refer Petitioner's claim of fear of removal to Mexico to an immigration judge or release Petitioner from ICE custody. The preliminary injunction shall remain in place until and unless an immigration judge affirms the negative fear determination, plus an additional 48 hours to preserve this Court's jurisdiction. A separate preliminary injunction order follows.

Date:  April 7, 2026                                  _____*/s/*_____
                                                      Adam B. Abelson
                                                      United States District Judge

26